United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-695 |
| | § | |
| AJCC WORK SOURCE, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In this action, Plaintiff Cedric Greene, proceeding pro se, alleges that Defendant AJCC Work Source Center committed a tort against him while he visited AJCC. (Complaint, Doc. 1) Greene alleges diversity of citizenship as the basis for subject matter jurisdiction.

A Magistrate Judge examined Greene's Complaint and issued a Report and Recommendation (Doc. 10) recommending that the Court dismiss Greene's causes of action for lack of subject matter jurisdiction. The Report and Recommendation also recommends that the Court declare Greene a vexatious litigant.

Greene filed timely Objections (Doc. 14), as well as a motion to transfer the case to another venue. (*See* Mot. to Transfer, Doc. 11)

When a party objects to a Report and Recommendation, the district court applies *de novo* review as to the objected-to portions of the Report and Recommendation. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

In his Objections, Greene devotes most of his statements in support of transferring the case and opposing a declaration that he is a vexatious litigant. Notably, he does not directly object to the Report and Recommendations' analysis of subject matter jurisdiction, much less explain how his allegations satisfy the amount-in-controversy requirement for diversity jurisdiction. Thus, clear error review would apply to the jurisdictional issue, and the Court finds no clear error

in the Report and Recommendation on this issue. But even under *de novo* review, the Court would agree with the conclusion in the Report and Recommendation that Greene has not established that this Court possesses subject matter jurisdiction over his lawsuit.

The Court also finds no merit in Greene's request to transfer the case to another federal district court. The jurisdictional deficiencies within Greene's Complaint would hold true as to any federal district court in the United States, rendering such a transfer futile and a waste of judicial resources.

For these reasons, the Court **OVERRULES** Plaintiff Cedric Greene's objections to the Report and Recommendation (Doc. 10), which the Court **ADOPTS**. As a result, it is:

**ORDERED** that Plaintiff Cedric Greene's causes of action within his Complaint (Doc. 1) are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

**ORDERED** that Plaintiff Cedric Greene's Proposed Civil Case Transfer and Change of District Court Venue Motion (Doc. 11) is **DENIED.**

On October 5, 2026, the Court issued an order declaring Mr. Greene a vexatious litigant. (*See Greene v. Charter Spectrum, Inc.*, No. 1:26-cv-589, 2026 WL 2995823, at *2 (S.D. Tex. Oct. 5, 2026)) That Order remains in place.

Each party shall bear its own fees and costs.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on October 27, 2026.

Fernando Rodriguez, Jr.
United States District Judge